KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.     Case No. _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

**FILED**

NOV 17 2025

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

KATHLEEN BUTRON, Individually and as a Whistleblower,

Plaintiff, pro se,

25-cv-2304

v.

VILLAGE OF BEAVERVILLE (PWS ID: IL0750100),

ILLINOIS ENVIRONMENTAL PROTECTION AGENCY (IEPA),

ILLINOIS DEPARTMENT OF PUBLIC HEALTH (IDPH),

U.S. ENVIRONMENTAL PROTECTION AGENCY (EPA),

GARY MARTELL, in his ex-officio capacity as President of the Village of Beaverville and member of the Public Water Supply Board, AND personally,

KATHY HOOVER, in her ex-officio capacity as Trustee of the Village of Beaverville, AND personally,

JAMIE TAYLOR, in her ex-officio capacity as Trustee of the Village of Beaverville, AND personally,

GINA DEYOUNG, in her ex-officio capacity as Treasurer of the Village of Beaverville, AND personally,

DAVE MARTELL, in his ex-officio capacity as Trustee of the Village of Beaverville, AND personally,

1

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.   Case No. _____

JOYCE ARSENEAU, in her ex-officio capacity as Trustee of the Village of Beaverville, AND personally,

MIKE GARRETT, in his ex-officio capacity as Trustee of the Village of Beaverville, AND personally,

ANTHONY GROENEWOLD, in his ex-officio capacity as Bureau of Water Inspector and Environmental Protection Engineer, Division of Public Water Supplies, Illinois Environmental Protection Agency, AND personally,

JOHN DOE 1–10 (Lab Analysts, Compliance Officers, and Data Managers at IEPA and Certified Labs),

JOHN DOE 11–20 (Officers, Directors, Operators, and Certified Operators of Village of Beaverville Water System),

Defendants.

Case No. _____

COMPLAINT AT LAW FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, DAMAGES, AND CIVIL PENALTIES

(JURY TRIAL DEMANDED)

Plaintiff KATHLEEN BUTRON, pro se, individually and as a whistleblower, alleges:

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.    Case No. _____

PRELIMINARY STATEMENT

1. This is a whistleblower retaliation and co-conspiratorial fraud action involving six months of deliberate non-sampling (May 1 – October 31, 2025) of Well 1 (WL47563) and Well 2 (WL47564) — the only two entry points for PWS IL0750100 — followed by a conspiratorial scheme among all Defendants to fraudulently and retroactively enter twelve (12) backdated results with deliberate indifference and forthright malice onto the IEPA public portal on or after October 16, 2025.

2. PWS ID IL0750100 (Village of Beaverville) is a groundwater system required under 40 CFR § 141.857 to collect at least one routine finished water sample per month per well.

3. On October 9, 2025, the IEPA public portal showed zero routine samples for Well 1 and Well 2 from May 1 through September 30, 2025.

4. On October 16, 2025 and thereafter, twelve fraudulent results were retroactively entered with claimed collection dates of 05-05-2025, 06-05-2025, 07-08-2025, 08-05-2025, 09-06-2025, and 10-07-2025 for each well, all listed as "Absent" for coliform.

5. This mass fabrication was executed with deliberate indifference to public health and forthright malice to conceal twelve Tier 3 monitoring violations and defraud regulators, residents, and Plaintiff.

6. At all relevant times, the named Defendants entered into a tacit or express agreement to conceal the six-month monitoring failure by fraudulently entering twelve false coliform results into the IEPA SDWIS portal through coordinated timing, uniform falsification, suppression of chain-of-custody records, joint retaliation, and a shared goal of avoiding enforcement.

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.    Case No.

7. On or about October 20, 2025, Defendant IEPA issued a materially false public statement claiming the Village had taken all required samples since June 2025 and that routine testing consistently showed absence of coliforms (Exhibit A).

JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

9. This Court has citizen-suit jurisdiction under the Safe Drinking Water Act, 42 U.S.C. § 300j-8(a)(1).

10. This Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Central District of Illinois because Beaverville lies in Iroquois County within this District (28 U.S.C. § 93(a)(2)).

TOTAL AMOUNT IN CONTROVERSY (EXCLUSIVE OF INTEREST AND COSTS): $107,278,891

PARTIES

12. Plaintiff KATHLEEN BUTRON is a resident of Beaverville, Illinois, appearing pro se, individually and as a whistleblower.

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.    Case No. _____

13. Defendant VILLAGE OF BEAVERVILLE (PWS ID: IL0750100) is an Illinois municipal corporation and owner/operator of the public water system.

14. Defendant GARY MARTELL is sued in his ex-officio capacity as President of the Village of Beaverville and member of the Public Water Supply Board, with final policymaking authority, AND personally.

15. Defendant KATHY HOOVER is sued in her ex-officio capacity as Trustee AND personally.

16. Defendant JAMIE TAYLOR is sued in her ex-officio capacity as Trustee AND personally.

17. Defendant GINA DEYOUNG is sued in her ex-officio capacity as Treasurer AND personally.

18. Defendant DAVE MARTELL is sued in his ex-officio capacity as Trustee AND personally.

19. Defendant JOYCE ARSENEAU is sued in her ex-officio capacity as Trustee AND personally.

20. Defendant MIKE GARRETT is sued in his ex-officio capacity as Trustee AND personally.

21. Defendant ANTHONY GROENEWOLD is sued in his ex-officio capacity as Bureau of Water Inspector and Environmental Protection Engineer, Illinois EPA, AND personally.

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.   Case No. _____

22. Defendant ILLINOIS ENVIRONMENTAL PROTECTION AGENCY (IEPA) is the primacy agency.

23. Defendant ILLINOIS DEPARTMENT OF PUBLIC HEALTH (IDPH) is the lab certification authority.

24. Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY (EPA) exercises federal oversight and funding.

25. Defendants JOHN DOE 1–10 are unknown lab analysts, compliance officers, and data managers at IEPA and certified labs.

26. Defendants JOHN DOE 11–20 are unknown officers, directors, operators, and certified operators of the Village water system.

FACTUAL ALLEGATIONS

27. The following twelve (12) coliform results were fraudulently and retroactively entered on or after October 16, 2025:

| Well | Claimed Collection Date | Claimed Result | First Appeared | Evidence of Fraud |
|--------|--------------------------|----------------|------------------|----------------------------------|

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.    Case No. _____

| Well 1 | 05-05-2025 | Absent | After Oct 16 | Never sampled |
| Well 1 | 06-05-2025 | Absent | After Oct 16 | Never sampled |
| Well 1 | 07-08-2025 | Absent | After Oct 16 | Never sampled |
| Well 1 | 08-05-2025 | Absent | After Oct 16 | Never sampled |
| Well 1 | 09-06-2025 | Absent | After Oct 16 | Never sampled |
| Well 1 | 10-07-2025 | Absent | After Oct 16 | Never sampled |
| Well 2 | 05-05-2025 | Absent | After Oct 16 | Never sampled |
| Well 2 | 06-05-2025 | Absent | After Oct 16 | Never sampled |
| Well 2 | 07-08-2025 | Absent | After Oct 16 | Never sampled |
| Well 2 | 08-05-2025 | Absent | After Oct 16 | Never sampled |
| Well 2 | 09-06-2025 | Absent | After Oct 16 | Never sampled |
| Well 2 | 10-07-2025 | Absent | After Oct 16 | Never sampled |

28. As of November 17, 2025, Well 1 and Well 2 raw water results for October 2025 remain unposted — only finished water results appear.

29. On November 15, 2025, IEPA claimed the missing May–September results were due to a "glitch."

30. On October 14, 2025, Plaintiff confronted Inspector Groenewold; he admitted monthly samples are required and said "they will be cited."

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.    Case No. _____

31. On October 15, 2025, Groenewold admitted internal samples existed but were not public.

32. On October 16, 2025, twelve fraudulent results were uploaded within 48 hours.

33. The Village, with conscious and reckless disregard, distributed free bottled water "until further notice" and waived all water bills for July, August, and September 2025 — vicarious admission the water was unsafe.

34. Despite no metering, the Village sent "estimated" bills showing phantom usage.

35. October 2025 actual usage was one of the highest months in billing history — strongly suggesting secret billing for flushing water (Exhibit J).

36. By distributing free bottled water, waiving bills, and failing to issue mandatory public notification (40 CFR § 141.201–211), the Village furthered its cover-up and directly caused Plaintiff's hospitalization and permanent physical damage.

37. Defendants' gross negligence caused Plaintiff's E. coli exposure, hospitalization, and irreversible harm (Exhibit D).

38. Ongoing contamination continues system-wide (Exhibits C, E, F, G).

39. Village falsely claimed the water was "safe to drink" (Exhibit A).

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.   Case No.

## COUNT I – SAFE DRINKING WATER ACT CITIZEN SUIT – FAILURE TO MONITOR

40. Plaintiff realleges and incorporates by reference paragraphs 1 through 39 above.

41. Defendants continue to violate 40 CFR § 141.857 by failing to monitor raw water at Well 1 and Well 2.

42. These are ongoing Tier 3 monitoring violations accruing daily at $66,927 per violation per day.

43. Relief demanded: $87,592,311 in civil penalties.

## COUNT VIII-A – FRAUD & FALSE RECORDS

44. The Village water operator and John Doe 11–20 knowingly fabricated the twelve coliform results.

45. No physical samples or chain-of-custody exist.

46. Results were uploaded on October 16, 2025 to defraud regulators and Plaintiff.

47. Residents relied on the false "Absent" results and drank contaminated water.

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.    Case No. _____

48. Damages: $1,000,000 compensatory + $2,000,000 punitive = $3,000,000.

COUNT VIII-B – CIVIL CONSPIRACY & COVER-UP

49. Anthony Groenewold and IEPA tipped off the operator after the October 14 confrontation.

50. Overt act: facilitated fraudulent backdating to avoid citations.

51. Conduct exhibited deliberate indifference to public health.

52. Damages: $1,500,000 compensatory + $3,000,000 punitive = $4,500,000.

COUNT XVI – NEGLIGENCE / WILLFUL AND WANTON CONDUCT

53. The Village owed Plaintiff a non-delegable duty to provide safe drinking water.

54. From May 1, 2025 onward, the Village failed to treat/filter water, causing high iron/turbidity (Exhibit H).

55. Bottled water and bill waivers constitute admissions of negligence.

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.    Case No.
_____

56. Gross negligence caused E. coli exposure (Exhibit D).

57. Plaintiff suffered recurring abdominal pain, nausea, diarrhea, and required IV fluids and anti-nausea medication (Exhibit I).

58. The Village's six-month non-sampling, backdating, billing fraud (Exhibit J), and failure to notify constitute willful and wanton conduct (745 ILCS 10/1-210).

59. Damages: $5,200,000.

COUNT XVII – VIOLATION OF SUBSTANTIVE DUE PROCESS – FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

60. Plaintiff realleges and incorporates by reference paragraphs 1 through 59 above.

61. Defendants, acting under color of state law, deprived Plaintiff of her constitutionally protected liberty interest in bodily integrity and safe drinking water.

62. Defendants knew the water was contaminated yet deliberately concealed the monitoring failure, backdated false results, distributed free bottled water while falsely claiming tap water was safe (Exhibit A), and retaliated against Plaintiff (Exhibit B).

63. Defendants' conduct shocks the conscience and created a state-created danger.

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.    Case No.

64. Defendants' actions were willful, wanton, and exhibited deliberate indifference to Plaintiff's constitutional rights.

65. As a direct and proximate result, Plaintiff suffered E. coli exposure, hospitalization, severe gastroenterological injuries, and permanent life-long physical damage.

66. Defendants are liable in both official and individual capacities; no immunity applies.

67. Relief demanded: $7,000,000 compensatory and punitive damages.

COUNT XVIII – INTENTIONAL SPOLIATION OF EVIDENCE (WILLFUL AND WANTON)

68. Defendants had a duty to preserve sampling records, billing records, and chain-of-custody documentation.

69. Defendants knew the records were material after Plaintiff's October 14 confrontation and FOIA requests.

70. Defendants willfully destroyed or concealed the records.

71. Plaintiff suffered severe emotional distress and physical harm (Exhibit I).

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.    Case No. _____

72. Defendants' conduct was willful and wanton.

73. Relief demanded: $2,000,000 compensatory + $5,000,000 punitive + adverse inference + sanctions = $7,000,000.

COUNT XIX – DERELICTION OF DUTY (ILLINOIS COMMON LAW & 55 ILCS 5/3-6021)

74. Plaintiff realleges and incorporates by reference paragraphs 1 through 73 above.

75. Defendants Gary Martell, Kathy Hoover, Jamie Taylor, Gina DeYoung, Dave Martell, Joyce Arseneau, Mike Garrett (Village Board), and Anthony Groenewold each owed a non-delegable public duty under Illinois law and the Safe Drinking Water Act to ensure the Village water system was operated in compliance with federal and state regulations.

76. From May 1, 2025 through the present, these Defendants knowingly and willfully failed to enforce mandatory monthly sampling, failed to repair known filtration failures, and knowingly allowed contaminated water to be distributed to residents.

77. After Plaintiff's October 14 confrontation, Defendants Groenewold and the Village Board intentionally concealed the violations and facilitated the backdating of false results instead of issuing mandatory public notice or correcting the violations.

78. These Defendants' dereliction of duty was willful, wanton, and in reckless disregard of public safety.

KATHLEEN BUTRON v. VILLAGE OF BEAVERVILLE, et al.    Case No. _____

79. As a direct and proximate result, Plaintiff suffered E. coli exposure, hospitalization, severe gastroenterological injuries, and permanent life-long physical damage.

80. Relief demanded on Count XIX: $5,000,000 compensatory and punitive damages.

WHEREFORE, Plaintiff prays that this Court enter judgment against all Defendants, jointly and severally, for $107,278,891 in damages, penalties, and costs, plus declaratory and injunctive relief, punitive damages, adverse inference, whistleblower compensation, costs, and such other relief as the Court deems just.

Respectfully submitted,

/s/ KATHLEEN BUTRON, pro se

Individually and as a Whistleblower

PO Box 186

Beaverville, IL 60912

blogmycolumn.2000@gmail.com

Dated: November 17, 2025